UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:19-cv-01663-CSH |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants | : | DECEMBER 23, 2019 |

## **DEFENDANTS' ANSWER**

The defendants hereby answer the plaintiff's complaint dated October 21, 2019 and filed on October 22, 2019.

1. The defendants admit that Doe was a student in Yale School of Management's Executive Master of Business Administration Program ("EMBA Program"). The defendants deny that the actions taken and procedures employed by them were the result of an erroneous finding of an Honor Code violation.

2. Denied.

3. The defendants admit that Yale University first suspended, and after further proceedings which revealed additional information, then expelled Doe from Yale University. The defendants deny the remaining allegations contained in Paragraph 3.

4-5. Denied.

6. The defendants admit that the plaintiff's complaint includes the causes of action listed in Paragraph 6, but deny that there is any merit to those causes of action.

7. The defendants admit that Doe was enrolled as a student in the EMBA Program. The defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7, and therefore leave the plaintiff to his proof.

8-9. Admitted.

10. The allegations contained in Paragraph 10 are denied, except to admit that the Board of Trustees is the governing body of Yale University and it is composed of the individuals listed in Paragraph 10.

11. No response is needed to Paragraph 11.

12-16. The defendants admit that the District Court for the District of Connecticut has jurisdiction over this action and that the action was brought in a proper venue.

17-18. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 17 and 18, and therefore leave the plaintiff to his proof.

19. The defendants admit the allegations contained in Paragraph 19, except to deny knowledge or information as to the reasons that Doe applied to the EMBA Program.

20. The defendants admit that Doe performed satisfactorily in the Yale EMBA program and was a member of the Honor Committee. The defendants deny knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 20, and therefore leave the plaintiff to his proof.

21. Denied.

22. The defendants admit that the 2018-2019 Policies were in effect at the time of the Honor Code violation in May, 2019.

23-38. The defendants refer to The Yale SOM Honor Code for the contents thereof.

39-42. Admitted.

43-51.   The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 43 through 51, and therefore leave the plaintiff to his proof.

52.   The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, except to admit that Ms. Roe submitted her own think piece, separate from Doe and Coe.

53-54.   The defendants admit that Ms. Roe had discussions with the teaching assistant and Professor Bach, but deny that these paragraphs accurately describe those conversations.

55.   The defendants decline to respond to the allegations contained in Paragraph 55 in order not to compromise the confidentiality of information relating to a student who is not a party to this action.

56.   The defendants deny the allegations of Paragraph 56, but admit that Doe and Coe submitted their think piece on May 24, 2019 and that Professor Bach submitted the case and materials for Honor Committee review on July 4, 2019.

57-59.   The defendants deny that the plaintiff has accurately described the communications in these paragraphs.

60.   Admitted.

61.   The defendants admit that Doe submitted certain documents for review by the Honor Committee, and refer to those documents for the contents thereof.

62.   The defendants admit that Doe submitted a letter from Professor Voe and a letter from Poe.  The defendants refer to those letters for the contents thereof.

63.   Denied.

64. The defendants admit that no action was taken against Roe, because there was no evidence to suggest that she had violated the Honor Code.

65. The defendants admit that the Honor Committee met to review Doe's case. The defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65, and therefore leave the plaintiff to his proof.

66. The defendants deny the allegations contained in Paragraph 66, except to admit that Moe was disqualified from serving on the Honor Committee and therefore the plaintiff was given the option of proceeding without an EMBA representative. After considering the matter, the plaintiff knowingly and voluntarily decided to proceed without an EMBA representative on the Honor Committee.

67-68. The allegations contained in Paragraphs 67 and 68 are denied, except to admit that the members of the Honor Committee asked questions and the plaintiff provided responses. The defendants deny that Paragraphs 67 and 68 provide an accurate description of the interactions between the plaintiff and the Honor Committee at the meeting.

69. The defendants admit that, as permitted, the plaintiff brought his advisor to the Honor Committee meeting. The defendants refer to the policies governing the Honor Committee for the contents thereof.

70. Denied.

71-72. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 71 and 72, and therefore leave the plaintiff to his proof.

73. The defendants admit that the plaintiff was informed that he had been found responsible for a violation of the Honor Code and was therefore suspended for one calendar year,

and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73.

74. Denied.

75. The defendants decline to respond to the allegations contained in Paragraph 75, in order not to compromise the confidentiality of information relating to a student who is not a party to this action.

76. The defendants admit that Moe wrote an e-mail to Dean Scully and Dean Tsung on September 7, 2019 and refer to that e-mail for the contents thereof.

77. Denied.

78. The defendants admit that Moe wrote an e-mail to Dean Scully and Dean Tsung on September 7, 2019 and refer to that e-mail for the contents thereof.

79. Denied.

80-83. The defendants deny that the plaintiff has accurately portrayed the communications between the plaintiff and Dean Jain and refer to the emails between them for the contents thereof.

84-85. The defendants admit that Doe contacted Jason Killheffer, but deny that he has accurately reported the content of the communications between them.

86. The defendants admit that Doe appealed his sanction to the FRB and submitted materials and a written statement. The defendants refer to the statement for the contents thereof. The defendants admit that Yale's policies do not allow for a live appeal hearing to the FRB, but deny that they "wrongly" do not allow for such a hearing.

87-89. The allegations contained in Paragraphs 87-89 are denied, except to admit that the Faculty Review Board, based on additional information, concluded that the appropriate sanction was a permanent expulsion.

90. The defendants decline to respond to Paragraph 90 in order not to compromise the confidentiality of information relating to a student who is not a party to this action.

91. The defendants deny the allegations contained in Paragraph 91, except to admit that Doe's official Yale transcript includes a notation of the expulsion.

92. The defendants deny the allegations contained in Paragraph 92, except to admit that the FRB is the last level of appeal under Yale University's Policies.

93. The defendants deny that their actions were unlawful. The defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 93.

94-96. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 94, 95, and 96, but deny any implication that any of the plaintiff's alleged harms are the result of any unlawful or inappropriate actions or omissions on the part of the defendants.

## AS AND FOR A FIRST CAUSE OF ACTION

### Breach of Contract
### (Yale Defendants)

97. The defendants incorporate the answers to each and every allegation hereinabove as if fully stated herein.

98. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, except to admit that Doe applied to and enrolled in Yale University and paid some of the associated fees and expenses. The defendants further admit that The Yale SOM Honor Code section of the School of Management Bulletin of Yale University sets forth contractual commitments on the part of both the students and Yale University for each school year.

99-100.   The allegations contained in Paragraphs 99 and 100 are nothing more than legal conclusions, to which no response is required.

101-102.   Denied.

### Failure to Notify Plaintiff of Charges Against Him and Standard of Review

103.   Denied.

104.   The defendants admit that The Yale SOM Honor Code does not set forth the standard of review employed by the Honor Committee.  The defendants deny the remaining allegations contained in Paragraph 104.

### Failure to Assemble a Full Committee

105.   Denied.

106.   The defendants refer to The Yale SOM Honor Code for the contents thereof.

107.   The defendants deny the allegations contained in Paragraph 107, except to admit that the Honor Committee that reviewed Doe's case included three faculty members and three student members.

### Failure to Afford EMBA Student Representation on the Honor Committee and Undue Pressure Imposed upon Doe to Move Forward with the Meeting

108.   Denied.

109.   The defendants refer to The Yale SOM Honor Code for the contents thereof.

110.   Denied.

111.   The defendants admit that Moe wrote an e-mail to Dean Scully and Dean Tsung on September 7, 2019 and refers to that e-mail for the contents thereof.

112.   The defendants deny the allegations contained in Paragraph 112, except to admit that Coe expressed his desire to proceed with the hearing after Moe was recused from the Honor Committee.

### Wrongful Cross-Examination of Doe's Adviser

113. Denied.

114. The defendants refer to The Yale SOM Honor Code for the contents thereof.

115-116. The defendants refer to The Yale SOM Honor Code for the contents thereof and deny the remaining allegations contained in Paragraphs 115 and 116.

### Disregarded Evidence that Supported Doe's Credibility and Highlighted his Adherence to the Policies

117-119. The defendants refer to The Yale SOM Honor Code for the contents thereof and deny the remaining allegations contained in Paragraphs 117 through 119.

120. Denied.

### Failure to Remove a Biased Honor Committee Member

121. The defendants admit that Dean Scully did not recuse herself from participating in the Honor Committee hearing as the nonvoting secretary to the Honor Committee. The defendants deny that Dean Scully had a personal relationship with Jane Roe, or Jane Roe's fiancé. The defendants also deny that Dean Scully was required to recuse herself from her nonvoting role, nor was she requested to do so until after the hearing was held.

122. The defendants refer to The Yale SOM Honor Code for the contents thereof.

123. Denied.

124. The defendants admit that Doe first raised a concern about Dean Scully's participation in the hearing before the Honor Committee after the hearing had concluded, but deny that there was anything improper about Dean Scully's participation in the Honor Committee hearing in her nonvoting capacity.

### Lack of Rationale for Expulsion

125. Denied.

8

126.     The defendants admit that The Yale SOM Honor Code does not set forth a standard of review to be employed by the FRB.  The defendants deny the remaining allegations contained in Paragraph 126.

127-132.     Denied.

## AS AND FOR A SECOND CAUSE OF ACTION

### Tortious Interference with a Contract
### (Defendants Scully, Rouwenhorst, Tsung, and Jain)

133.     The defendants incorporate the answers to each and every allegation hereinabove as if fully stated herein.

134-135.     Admitted.

136.     The allegations contained in Paragraph 136 are denied, except to admit that Deans Scully, Tsung and Rouwenhorst were obligated to carry out their duties in accordance with Yale's policies, which they did.

137-142.     Denied.

## AS AND FOR A THIRD CAUSE OF ACTION

### Violation of Title IX of the Educational Amendments Act of 1972:  Selective Enforcement
### (Yale Defendants)

143.     The defendants incorporate the answers to each and every allegation hereinabove as if fully stated herein.

144-148.     Denied.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Negligent Supervision
### (Yale Defendants)

149.     The defendants incorporate the answers to each and every allegation hereinabove as if fully stated herein.

150-153.    Denied.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress
### (All Defendants)

154.    The defendants incorporate the answers to each and every allegation hereinabove as if fully stated herein.

155-159.    Denied

## AS AND FOR A SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress
### (All Defendants)

160.    The defendants incorporate the answers to each and every allegation hereinabove as if fully stated herein.

161-164.    Denied.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### Estoppel and Reliance
### (All Defendants)

165.    The defendants incorporate the answers to each and every allegation hereinabove as if fully stated herein.

166-171.    Denied.

**THE DEFENDANTS,
YALE UNIVERSITY,
YALE UNIVERSITY BOARD OF TRUSTEES, SHERILYN SCULLY, ANJANI JAIN, WENDY TSUNG, AND K. GEERT ROUWENHORST**

BY: /s/ Patrick M. Noonan  (#ct00189)
     Patrick M. Noonan
     Donahue, Durham & Noonan, P.C.
     741 Boston Post Road
     Guilford, CT 06437
     (203) 458-9168

## CERTIFICATION

     I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/
Patrick M. Noonan
