**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:19-cv-01663-CSH |
| | ) | |
| v. | ) | |
| | ) | |
| YALE UNIVERSITY, YALE UNIVERSITY | ) | |
| BOARD OF TRUSTEES, SHERILYN | ) | |
| SCULLY, in her individual and official capacity, | ) | |
| ANJANI JAIN in his individual and official | ) | |
| capacity, WENDY TSUNG in her individual | ) | January 22, 2020 |
| and official capacity, and K GEERT | ) | |
| ROUWENHORST in his individual and official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT OF PARTIES' PLANNING MEETING PURSUANT TO FRCP 26(f)

Date Complaint Filed:                    October 22, 2019

Date Waiver of Service forms returned

executed:                                       November 20, 2019

Date of Defendant's Appearance:       December 23, 2019

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. Local Civil Rule 26, the parties

conferred on January 16, 2020.  The participants were:

for the Plaintiff:                    Stuart Bernstein

for the Defendant:                  Patrick M. Noonan

## I.    CERTIFICATION

The parties certify that, after consultation with their clients, they have discussed the nature

and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement

or other resolution of the case and, in consultation with their clients, have developed the following

proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     JURISDICTION

### A.     Subject Matter Jurisdiction

Subject matter jurisdiction is conferred upon the court under the provisions of 28 U.S.C. §§ 1331 and 1332.

### B.     Personal Jurisdiction

Uncontested.

## III.    BRIEF DESCRIPTION OF CASE

### A.     Claims of Plaintiff

Plaintiff has alleged claims against Defendant Yale University for: breach of contract; negligent supervision; tortious interference with a contract against Defendants Scully, Rouwenhorst, Tsung and Jain, sex discrimination under Title IX of the Education Amendments of 1972 under selective enforcement theory against Defendant Yale, Plaintiff has alleged a claim for negligent infliction of emotional distress and intentional infliction of emotional distress against the Defendants.

### B.     Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant

Defendants deny Plaintiff's allegations of discrimination, negligent supervision, breach of contract, negligent and intentional infliction of emotional distress and assert that the claims fail as a matter of law.   The defendants assert that the plaintiff was appropriately expelled because he violated the Honor Code.

### C.     Defenses and Claims of Third-Party Defendant(s)

Not applicable.

## IV.    STATEMENT OF UNDISPUTED FACTS

The undersigned counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are not disputed:

A.     In Fall 2018, Plaintiff was accepted to Yale University's School of Management's EMBA program. One hundred and seventy-nine thousand, eight hundred dollars ($179,800.00) is the approximate total tuition cost for this program.

B.     During his time in the program the Plaintiff's classmates selected him for and elected him to the Honor Committee.

C.     The 2018 – 2019 SOM Honor Code and procedures of the Honor Committee were in effect at the time of the alleged incident.

D.     As part of the EMBA program, Plaintiff enrolled in State and Society, MGT 413E, taught by Professor David Bach ("Professor Bach") during the Spring 2019 semester. Professor Bach also serves as the Deputy Dean of the EMBA program.

E.     Professor Bach submitted the case and materials for Honor Committee review on or around July 3, 2019, approximately five weeks after the submission of the think piece which led to the referral to the Honor Committee.

F.     The Honor Committee held a hearing in September 2019. After the hearing, Dean Scully, requested Doe's presence in a conference room. Doe met Defendants Professor Rouwenhorst, Dean Scully, and Dean Tsung in the conference room where they informed him that the Honor Committee found that he had violated the Honor Code regarding the think piece

assignment, and consequently suspended him for one calendar year. James Coe also received a suspension for one (1) calendar year.

       G.     Doe appealed the sanction to the FRB and provided documents supporting his appeal. The Honor Code procedures do not allow for appellate testimony.

       H.     Defendant Jain thereafter notified Doe that the FRB changed Doe's suspension of a one (1) year suspension to a permanent expulsion from Yale SOM's EMBA program.

## V.    CASE MANAGEMENT PLAN

### A.    Initial Disclosures

    The parties request that they be excused from filing Initial Disclosures. Both parties anticipate making discovery requests pursuant to Rule 34, Fed. R. Civ. P. Consistent with Fed. R. Civ. P. 1, the parties make this request in an effort to arrive at "just, speedy, and inexpensive determination" of this action, in order to avoid making multiple document searches for the same material. In the alternative, the parties request that the Initial Disclosures be filed at the same time as responses to discovery requests made pursuant to Rule 34.

### B.    Scheduling Conference with the Court

    1.     The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. 16(b).

    2.     The parties prefer that the scheduling conference, if one is required, be conducted by telephone.

### C.    Early Settlement Conference

    1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2.      The parties request an early settlement conference.

3.      The parties prefer an early settlement conference with Magistrate Judge

Robert M. Spector.

4.      The parties do not request a referral for alternative dispute resolution

pursuant to D. Conn. L. Civ. R. 16.

**D.      Joinder of Parties and Amendment of Pleadings**

1.      Plaintiff should be allowed until February 18, 2020 to file motions to join

additional parties and to file motions to amend the pleadings.

2.      Defendants should be allowed until February 18, 2020 to file motions to

join additional parties.

**E.      Discovery**

a.      The parties have considered the scope of discovery permitted under Fed R.

Civ. P. 26(b)(4).

b.      The parties anticipate that discovery will be needed on the following

subjects: (a) the allegations of the Complaint; (b) Defendants' defenses; and

(c) Plaintiff's damages.

c.      All discovery, including depositions of expert witnesses pursuant to Fed. R.

Civ. P. 26(b)(4), will be completed in accordance with the schedule set forth

in paragraph VEe.

d.      The parties agree that the discovery should be conducted in stages, with fact

discovery to be completed prior to the commencement of expert discovery.

The proposed schedule is listed in paragraph VEe.

e.      Discovery will be conducted in phases.  The parties jointly request the

following schedule:

| | |
|---|---|
| 1. Discovery requests filed | 30 days following conclusion of settlement discussions. |
| 2. Discovery responses | 75 days after filing of requests |
| 3. Fact depositions completed | 120 days after exchange of responses to discovery requests |
| 4. Plaintiff's expert disclosure | 30 days following exchange of discovery responses |
| 5. Plaintiff's expert depositions completed | 60 days following disclosure of plaintiff's experts |
| 6. Defense experts disclosed | 30 days after completion of plaintiff's experts' depositions |
| 7. Defense experts deposed | 60 days after defense experts' disclosure. |
| 8. Motion for Summary Judgment filed | 60 days following completion of discovery. |

f.      Plaintiff anticipates that he will require a total of approximately 10 depositions of fact witnesses, and Defendants anticipate that they will require a total of approximately 5 depositions of fact witnesses.  These figures may change as discovery materials are exchanged. The timing of depositions will be in accordance with the schedule set forth in paragraph VEe.

g.      At this time, the parties do not anticipate requesting permission to serve more than 25 interrogatories but reserve the right to do so.

h.      Plaintiff may call expert witnesses at trial.  Defendant may call expert witnesses at trial.

i.    The scheduling of expert witnesses will be conducted as set forth in paragraph VEe.

j.    The scheduling of expert witnesses will be conducted as set forth in paragraph VEe.

k.    <u>Damages Analysis</u>.

Requested by Plaintiff:   The damages analysis will be provided in accordance with the schedule for expert witness disclosure in paragraph Vee.

Requested by Defendants:  The damages analysis will be provided 30 days prior to the deposition of the plaintiff, in order that defense counsel may question the plaintiff on the damages analysis.

l.    Undersigned agree to discuss in good faith the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties will be negotiating an agreement governing the protocol in which electronically stored information will be disclosed.   Discovery of electronically stored information will be addressed in the parties' respective discovery requests.

m.    Undersigned will discuss discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for

asserting privilege claims after production.   The parties agree to the following procedures for asserting claims of privilege after production:  the parties will adhere to the procedure set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

**F.     Other Scheduling Issues.**

a.        Not applicable.

**G.     Summary Judgment Motions**

Any summary judgment motions will be filed in accordance with the schedule set forth in paragraph VEe.

**H.     Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 60 days following completion of expert discovery (or two months after the Court's decision on dispositive motions, whichever date is later).

**VI.     TRIAL READINESS**

The case will be ready for trial three months after the completion of expert discovery. (or three months after the Court's decision on dispositive motions, whichever date is later).

The undersigned agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**THE PLAINTIFF,**

By: /s/ Stuart Bernstein                Date:   January 22, 2020
    Andrew T. Miltenberg (phv07303)
    Stuart Bernstein (phv09426)
    Regina Federico(phv10417)
    NESNOFF & MILTENBERG, LLP
    363 Seventh Avenue, Fifth Floor
    New York, New York 10001
    Email: AMiltenberg@nmllplaw.com

8

SBernstein@nmlllplaw.com
RFederico@nmlllplaw.com

William Bilcheck, Jr.
LAW OFFICES OF WILLIAM BILCHECK, JR.
12 Brookside Road
P.O. Box 281
Madison, Connecticut 06443
Email: madctatty@aol.com

**THE DEFENDANTS,**

By:____/s/Patrick M. Noonan_____          Date: <u>January 22, 2020</u>
Patrick M. Noonan #ct00189
Donahue, Durham & Noonan, P.C.
741 Boston Post Rd.
Guilford, CT 06437
<u>PNoonan@ddnctlaw.com</u>
T: 203-458-9168
F: 203-458-4424