UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

JOHN DOE,

      Plaintiff,

v.

YALE UNIVERSITY *et al.*,

      Defendants.

Case No. 3:19-CV-01663 (CSH)

---

## STIPULATION AND PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff John Doe ("Plaintiff") and defendants Yale University, Yale University Board of Trustee, Sherilyn Scully, Anjani Jain, Wendy Tsung and K. Geert Rouwenhorst (collective the "Defendants" and each a "Defendant"), all by their respective undersigned counsel, stipulate and agree that the terms of this Stipulation and Protective Order shall apply to information produced in the above captioned civil action (the "Action") pursuant to the Federal and Local Rules of Civil Procedure governing disclosure and discovery (the "Rules of Discovery") and respectfully request that the Court approve and "So Order" this Stipulation and Protective Order.

    1.    **Confidential Information.**  The term "Confidential Information" as used herein shall mean any information or documents that Plaintiff or any Defendant: (a) Produces to the other party to this Action pursuant to the Rules of Discovery and (b) which was not in the possession of the receiving party prior to such production.

    2.    **Use and Disclosure.**  Except as otherwise set forth herein, the Confidential Information shall be made available only to Qualified Persons as defined in Paragraph 3. The

{00185028.1 }

Confidential Information shall never be made available or disclosed to \ other unauthorized persons. All Qualified Persons agree to maintain said information in confidence and not to use or reveal the same to anyone other than Qualified Persons and not to use the same for any purpose, including in any other court case, except in connection with the Action as defined herein; except that nothing shall prevent disclosure beyond the terms of this Stipulation and Protective Order if (a) the party producing the Confidential Information consents in writing to such disclosure of the information produced by that particular party, or (b) the party seeking to disclose Confidential Information, upon a showing of good faith, makes a motion to the Court in this Action, and receives prior approval from the Court. Any such motion can only relate to use of the material in this action, and the motion must take care not to disclose the confidential information, including, if necessary, by redacted filing or filing under seal.  Counsel for each party shall maintain a list of the names of all persons to whom Confidential Information has been disclosed.  Upon request of a party and for good cause shown, the Court in this Action may order disclosure of the identity of persons to whom Confidential Information has been disclosed.

      3.      **Qualified Persons.**  "Qualified Persons" means:  (a) all current counsel of record in this Action, their partners, employees, associates, clerks and the paralegal, clerical and secretarial staffs counsel employ to whom such disclosure is reasonably necessary for the purposes of representing counsels' respective clients; (b) experts or consultants who are assisting counsel in this Action; (c) The Court in this Action and its staff  and any court reporters or stenographers present in their official capacity at any hearings in the Action; (d) Plaintiff and each Defendant; (e) any other person who may be designated whether by name or otherwise by written consent of counsel for the producing party or pursuant to order of the Court.

4. **Agreement To Maintain Confidentiality.**  Before disclosure of Confidential Information to any of the Qualified Persons identified in Paragraphs 3(b), such person shall be furnished with a copy of this Stipulation and Protective Order and shall agree to be bound by the terms and conditions of this Stipulation and Protective Order.

5. **Limited Use of Confidential Information.**  Confidential Information shall be used only in connection with this Action including any mediation conducted in the Action, whether formal or informal, and in any negotiations between Plaintiff and the Defendants, and shall not be disclosed to anyone except as set forth in this Stipulation and Protective Order. Nothing in this paragraph will limit the authority of Plaintiff or Defendants to disclose Confidential Information to Qualified Persons in accordance with this Stipulation and Protective Order.

6. **Examination of Witnesses.**  This Stipulation and Protective Order shall not prevent the marking, or the exhibition to a witness, or the offering in evidence of Confidential Information during any evidentiary Action or trial in the Action, but no copy of any Confidential Information shall be retained by any such witness.  Nothing in this Stipulation and Protective Order shall require a formal order before such use of Confidential Information.  Only Qualified Persons, the witness, the parties and their attorneys may be present at any examination concerning Confidential Information except pursuant to an Order of the Court, or if such examination will take place before or upon the Order of a court of competent jurisdiction, then except pursuant to an Order of such court.

7. **Use at Hearings.**  Nothing in this Stipulation and Protective Order shall prevent the use of Confidential Information at hearings so long as that use is consistent with the evidentiary rulings of the Court and the terms and conditions of this Order.

8. **Challenge to Confidentiality**.  Nothing in this Stipulation and Protective Order shall prevent a party from challenging the designation of any information or material as Confidential Information by submitting such challenge to the Court.

9. **Inadvertent Disclosure of Privileged Materials.** Inspection or production of documents shall not, standing alone, constitute a waiver of the attorney-client privilege or work-product immunity or any other applicable privilege or immunity from discovery.  If the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party may request in writing the return of such documents from the receiving party.  Upon request by the producing party, the receiving party shall immediately retrieve and return any and all copies of such inadvertently produced documents, including retrieving and returning any and all copies distributed to others (e.g., experts or consultants).  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.  A receiving party shall not retain any copies of any inadvertently produced documents for any purpose, including the purpose of challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation.

10. **Inadvertent Failure To Designate**. An inadvertent failure to designate qualified Confidential Information as "CONFIDENTIAL" does not, standing alone, waive the designating party's right to secure protection under this Order for such documents.  Upon discovery of an inadvertent or unintentional failure to designate, a producing party may notify the receiving party in writing that the Confidential Information is to be designated as "CONFIDENTIAL."  Upon receipt of such notice, the receiving party shall make all reasonable efforts to ensure that the

Confidential Information is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s).  The producing party shall provide substitute copies of the document bearing the confidentiality designation.  Any receiving party shall also make all reasonable efforts to retrieve any Confidential Information from anyone who had received the Confidential Information prior to the notification by the producing party of the inadvertent failure to designate and who is no longer permitted to access the Confidential Information under the new designation.

      11.     **Privilege Logs.**  Each party shall identify on a privilege log any communications withheld from discovery on grounds of privilege or on grounds of attorney work product created in anticipation of this Action.  However, communications created on or after October 22, 2019 between Plaintiff and his counsel in this Action or between any Defendant and its/his/her counsel in this Action, need not be identified on a privilege log.  Nothing in this provision affects or changes a party's ability to challenge the other party's right to withhold any communications or documents based on the attorney-client privilege and/or work product protection.

      12.     **Termination of Action.**  Upon the voluntary termination of this Action, or the entry of final judgment by the Court in this Action, all Confidential Information, as well as any copies, excerpts or summaries thereof, shall be destroyed or returned to the party who has produced such Confidential Information.  Counsel of record for the parties shall each certify in writing to each other within 30 days of the termination of the Action that the provisions of this paragraph have been complied with.  Notwithstanding the foregoing, nothing in this Stipulation and Protective Order shall require the return or destruction of any work product of any counsel, but the terms of this Stipulation and Protective Order shall continue to be in effect with respect to such work product insofar as such work product relates to Confidential Information.

13.     **Subpoenas.**  If a party is served with a subpoena that calls for Confidential Information, the party receiving the subpoena shall promptly, via e-mail transmission, notify counsel of the affected party of the existence of the subpoena and the party receiving the subpoena shall not, without the consent of the affected party, produce such Confidential Information before the return date of the subpoena in order to provide the designating party an opportunity to challenge said subpoena or to enter into an agreement with the issuer of the subpoena.

14.     **Amendments.**  Nothing in this Stipulation and Protective Order will prevent or prejudice the parties from seeking amendments or rulings of the Court broadening or restricting access to and/or the use of Confidential Information, or otherwise resulting in modification to this Stipulation and Protective Order.

15.     **Duration.**  The terms of this Stipulation and Protective Order shall remain in full force and effect after the termination of the Action.

16.     **Remedies.**  The parties shall have all remedies afforded by law or in equity for any breach of this Stipulation and Protective Order.  The parties also stipulate that the Court has the power to modify this Stipulation and Protective Order and that the Court is authorized to enforce this Stipulation and Protective Order and/or award any appropriate remedies in connection with its enforcement.

**[signature blocks on following page]**

| THE PLAINTIFF | THE DEFENDANTS |
|---|---|
| By: _/s/ Susan Kaplan_ | By: _/s/ Patrick M. Noonan_ |
| Susan Kaplan (*pro hac vice*) | Patrick M. Noonan (ct00189) |
| The Kaplan Law Office | Donahue, Durham & Noonan, P.C. |
| 30 Wall Street, 8th Fl. | 741 Boston Post Road |
| New York, NY 10005 | Guilford, CT 06437 |
| Tel: (347) 683-2404 | Tel: (203) 458-9168 |
| Email: skaplan@lawkaplan.com | Email: Pnoonan@ddnctlaw.com |
| | |
| -and - | *Attorney for Defendants* |

By: _/s/ Robert M. Fleischer_
Robert M. Fleischer (ct11960)
Green & Sklarz LLC
One Audubon St., 3rd Fl.
New Haven, CT 06511
Tel: (203) 285-8545
Email: rfleischer@gs-lawfirm.com

*Attorneys for John Doe*

**SO ORDERED THIS _____ DAY OF _____, 2020.**