UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:19-cv-01663-CSH |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants | : | MARCH 4, 2021 |

# MEMORANDUM OF LAW I N SUPPORT OF DEFENDANT YALE UNIVERSITY'S MOTION TO QUASH SUBPOENA

On March 2, 2021, the plaintiff issued a subpoena to Yale University requesting the following categories of documents:

1. A complete and fully unredacted copy of the email sent by Anjani Jain on Tuesday September 17, 2019 at 5:33 PM to Wendy Tsung, Sherilyn Scully and David Bach with cc to Geert Rouwenhurst with the subject "Update (the "Jain Email").

2. Complete and fully unredacted copies of any emails transmitted as replies to, or forwards of the Jain Email described above.

3. Fully unredacted copies of all documents in connection with any complaint, investigation and hearing in which Jane Roe was accused of a violation of the SOM honor code including but not limited to the allegation that she received assistance from an outside source editing her second Think Piece without acknowledging the outside source.

4. With regard to James Coe, fully unredacted copies of all documents, draft version, statements, notices, communications and exhibits in connection with his Honor Code complaint, the Honor Code investigation, the Honor Code committee Hearing, all appeals and all deliberations of the FRB and all sanctions including but not limited to all documents James Coe submitted.

5. All communications between students Jane Roe and [another student] in connection with the second Think Piece in the Spring 2019 semester using the following search terms: [John], [Doe], edit, proofread, honor code, think piece.[1]

---

[1] A copy of the subpoena is attached hereto as Exhibit A.  The redaction completed in red block was for the purposes of this motion, in order to protect student confidentiality.  Those portions of the e-mail are not redacted in the copy of the e-mail produced to the plaintiff.

The defendant hereby moves to quash the subpoena because the plaintiff has not provided the defendant with a reasonable time to comply with the subpoena, as required by Rule 45(d)(3)(A)(i). Substantively, the subpoena should be quashed because the requested information concerns confidential educational information related to other students who are not parties to this action. The requested information is protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA") and is irrelevant to the plaintiff's claims in this case.

### A. The Plaintiff Failed to Allow a Reasonable Time for Compliance.

Rule 45(d)(3)(A)(i) provides: "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply…." The subpoena was served in the early afternoon on Tuesday, March 2, 2021, and requested compliance by 10:00 a.m. on Friday, March 5, 2021. That left the defendant with only two full business days to comply. Such a limited time period is unreasonable. "Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable." (Internal quotations omitted.) Cris v. Fareri, 2011 U.S. Dist. LEXIS 108362 (D. Conn. September 22, 2011) (Martinez, M.J.) (quashing subpoena pursuant to Rule 45(c)(3)(A)(i) for failing to allow a reasonable time to comply where production was required within two days.) See also, Bouchard Transp. Co. v. Associated Elec. & Gas Ins. Servs., 2015 U.S. Dist. LEXIS 150097 (S.D.N.Y. November 4, 2015) (the subpoena requiring testimony and production of documents within five days was defective because it failed to allow a reasonable time to comply as required by Rule 45(d)(3)(A)(i)); Pullano v. UBS/Paine Webber, Inc., 2007 U.S. Dist. LEXIS 103817 *9 (W.D.N.Y. March 21, 2007), *objection overruled*, 2007 U.S. Dist. LEXIS 38857 (W.D.N.Y. May 29, 2007)  (quashing subpoena requiring production within four days because that time period was not reasonable under Rule 45). Compliance within

two business days in the present case is unreasonable, especially in light of the requirement of the Code of Federal Regulations that defense counsel contact the students, who are not parties to this litigation and not under the control of Yale University. In addition, compliance with the plaintiff's request will require the defendant to review numerous documents to identify any that are responsive and to conduct a search for electronic discovery using specific search terms. The defendant cannot possibly conduct an ESI or other search for documents, review the results for responsive documents, and produce responsive, non-privileged documents within two business days. Since the plaintiff failed to afford the defendant a reasonable time to comply, the subpoena should be quashed pursuant to Rule 45(d)(3)(A)(i).

**B.     Requests for Documents Concerning Honor Committee Proceedings Involving Other Students.**

Request Nos. 1 and 2 seek an unredacted copy of a September 17, 2019 e-mail from Dean Jain and unredacted copies of any reply or forwarding e-mails relating to the September 17, 2019 e-mail. The redacted portions of Dean Jain's e-mail concern another student who was brought before the Honor Committee in a proceeding separate from the plaintiff's proceeding before the Honor Committee. Request No. 3 seeks documents related to any accusations that Jane Roe violated the Honor Code by receiving assistance from an outside source on an assignment. Similarly, Request No. 4 seeks documents related to Honor Committee proceedings concerning James Coe.

Information regarding other students' appearances before the Honor Committee and the outcomes of those proceedings are highly sensitive and confidential documents about students who are not parties to the present litigation. Yale University promises its students that the proceedings before the Honor Committee will be kept confidential. In fact, records of committee meetings about particular cases are kept in a confidential file, accessible only to the dean, the cognizant academic student, the student dean, and the current chair of the Honor Committee. In additional to violating

the confidentiality promised by Yale University, disclosure of this material would violate FERPA, because it would include a disclosure of all personally identifiable information in the educational records of the student. Under the Code of Federal Regulations, disclosure of such information, even in compliance with a subpoena, is not permitted unless the educational institution notifies the student of the proposed effort to obtain their information. See 34 C.F.R. §99.31 (a)(9)(i) and (ii). After receiving the plaintiff's January 27, 2021 and January 28, 2021 subpoenas seeking the same production as sought in Request Nos. 1 through 4 of the March 2, 2021 subpoena, defense counsel was able to contact the students mentioned in the subpoenas.[2] Both students informed defense counsel that they objected to the disclosure of their confidential education records and information by Yale University. Given that, as detailed below, the requested information is irrelevant to the plaintiff's claims in this action, the students' objections to the disclosure of their confidential educational information protected by FERPA should not be overridden.

Rule 26(b)(1) permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26 "does not allow a party to roam in shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so. Therefore, [t]he party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition." (Internal quotations and citations omitted.) Williams v. City of Hartford, 2016 U.S. Dist. LEXIS 71691 *5 (D. Conn. June 2, 2016). The court

---

[2] Copies of defense counsel's e-mails, exclusive of the attached subpoenas, are attached hereto as Exhibit B.

must limit the frequency or extent of discovery otherwise allowed if the proposed discovery is outside the scope permitted by Rule 26(b)(1).  F.R.C.P. 26(b)(2)(C)(iii).

The documents sought in Request Nos. 1 through 4 seek documents concerning alleged violations of the Honor Code by two other students and the Honor Committee proceedings addressing those violations.  Neither student participated in the plaintiff's proceeding before the Honor Committee.  The claims in this case concern the plaintiff's proceeding before the Honor Committee, and information regarding other students' proceedings before the Honor Committee is irrelevant.  The protections of FERPA should not be disregarded to permit the plaintiff to obtain confidential information about other students when that information is irrelevant to the claims in this action.

      C.    **Requests for Communications Between Students.**

Request No. 5 seeks communications between two students in the Spring, 2019 semester concerning an assignment.  The defendant only objects to this request because the plaintiff has not given the defendant a reasonable time to comply.  Compliance with the request requires a search of electronically stored information and a review of the results for responsive documents.  The defendant cannot possibly conduct an ESI search, or any other search for documents, within two business days.  The defendant will perform the search, review the resulting communications, and produce responsive, non-privileged documents in a timely manner.

## CONCLUSION

Since the requested information is protected from disclosure by FERPA and irrelevant to the plaintiff's claims, the defendant's motion to quash should be granted.

THE DEFENDANT,
YALE UNIVERSITY

BY: /s/ Patrick M. Noonan  (#ct00189)
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/
Patrick M. Noonan