**From:** Pat Noonan
**Sent:** Friday, June 10, 2022 12:10 AM
**To:** skaplan@lawkaplan.com
**Cc:** rfleischer@gs-lawfirm.com
**Subject:** RE: Doe v. YU

Hi Susan,

I learned today that I will be able to get you the orientation materials for both the MBA and EMBA programs for 2018-2020.  I also learned there are no orientation materials for the student representatives; they are provided an oral description of their responsibilities, and are expected to read the Honor Code in the SOM Bulletin.

I also learned that Dean Scully is available for her deposition on July 14 starting at 10.  Dean Tsung is available July 26 starting at 10.  I will let you know about Dean Rouwenhorst as soon as I hear from him.

We plan to take the depositions of representatives of <sup>John Doe's</sup> two prior employers, as well as <sup>John Doe's</sup> current girlfriend/business partner.  Please provide dates for <sup>girlfriend/business partner's</sup> deposition.  We oppose resuming depositions of witnesses already deposed; but if the Court allows that, we want to depose <sup>John Doe</sup> and his treating psychiatrist.

Thanks.
Pat


Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT  06437
(203)457-5209(direct)
(203)314-4562(cell)
(203)458-9168(office)

**From:** skaplan@lawkaplan.com <skaplan@lawkaplan.com>
**Sent:** Wednesday, June 8, 2022 8:34 AM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Cc:** rfleischer@gs-lawfirm.com
**Subject:** RE: Doe v. YU

Thank you, Pat, for the clarification.

**Similarly, if Defendants agree to provide one-year of documents, I may be able to persuade Plaintiff to forego the second year of documents and the need to file a Joint Statement on the matter due June 14.**

On June 7, 2022 11:00 PM Pat Noonan <pnoonan@ddnctlaw.com> wrote:

Hi Susan,

I have emailed the witnesses on dates and will let you know as soon as I hear back.  I have also asked about a compromise on the orientation documents, and will report back on that.  I do want to remind you that I <u>never</u>  agreed to provide one year; I did tell you I thought it would be easier for me to persuade my clients to give up their objection if you could limit your request to one year.  Please look at my prior emails to you, and you will see that that was my statement to you. I assume that this was an honest error on your part, but it really is important that you not misstate our negotiations, even innocently. Thanks.

Pat


Patrick M. Noonan

Donahue, Durham & Noonan, P.C.

741 Boston Post Road

Guilford, CT  06437

(203)457-5209(direct)

(203)314-4562(cell)

(203)458-9168(office)

---

**From:** skaplan@lawkaplan.com <skaplan@lawkaplan.com>
**Sent:** Tuesday, June 7, 2022 10:58 AM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Cc:** rfleischer@gs-lawfirm.com
**Subject:** RE: Doe  v. YU

Pat,

I am reissuing the attached Notice of Depositions attached for the remaining defendants on the same dates that were recently postponed. I of course will do what I can to accommodate changes in dates, if necessary, but it obvious from today's conference that we will not have extra time on the schedule to do these depositions.

With regard to the outstanding discovery, in the interest of time, and as you previously promised to provide *one year* of documents, please provide the 2018 documents requested in Plaintiff's document demand, to wit, the 2018 MBA and EMBA incoming student orientation documents including but not limited to academic integrity and the 2018 MBA and EMBA orientation/initiation/training documents for newly appointed Honor Committee members.

Notwithstanding, Plaintiff will determine whether to move forward with his motion to compel the second year of documents and whether to move to re-examine the Dean Jain forewith.

Regards--

On May 31, 2022 5:30 PM Pat Noonan <pnoonan@ddnctlaw.com> wrote:

Hi Susan,

Yale does not agree with your proposed additional discovery.

Pat

Patrick M. Noonan

Donahue, Durham & Noonan, P.C.

741 Boston Post Road

Guilford, CT  06437

(203)457-5209(direct)

(203)314-4562(cell)

(203)458-9168(office)

---

**From:** skaplan@lawkaplan.com <skaplan@lawkaplan.com>
**Sent:** Tuesday, May 31, 2022 3:25 AM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Cc:** rfleischer@gs-lawfirm.com
**Subject:** RE: Doe   v. YU

Pat,

Thank you for seeking Yale's position on our request to produce documents relating to the 2018 and 2019 MBA and EMBA orientation for incoming students and for honor committee representatives.  These documents are very relevant and should not be burdensome to produce.

Please do not cancel the already scheduled depositions of Deans Rouwenhorst, Scully and Tsung.  We would first like to Yale's position before we agree to postpone them.

Best--

> On May 30, 2022 10:11 PM Pat Noonan <pnoonan@ddnctlaw.com> wrote:

4

Hi Susan,

     I appreciate your willingness to take my vacations into account for scheduling purposes.  The first is June 25 to July 2, and the second is August 18-27.   I will get you  a response as soon as I can on Yale's position on your request to produce documents relating to the 2018 and 2019 MBA and EMBA orientation sessions.  As you know, I report to several people on this file, and it won't surprise me if I don't have a response back by the end of the day on May 31;  your email was sent to me on Friday afternoon while I was in a mediation; given the holiday today, I was effectively given 24 hours for a response.  I will get back to you as soon as possible, but it may not be until later in the week.

     You're right that I agreed to a three month extension for you to complete the outstanding discovery which at that point consisted of three additional depositions. But we had not previously discussed the breadth of the motions and discovery you are now seeking.  I do not believe that you are entitled to seek that discovery under the existing scheduling order, nor do I believe you have the right to re-depose witnesses.  As I previously stated, there is no chance of finishing all the motion practice and discovery you now intend embark on within three montsh.  As a result, I cannot agree to propose to the court that this case will be ready for trial in three months.

     As you have suggested, I will inform Deans Rouwenhorst, Scully and Tsung that their depositions are being postposed yet again.

     Pat


Patrick M. Noonan

Donahue, Durham & Noonan, P.C.

741 Boston Post Road

Guilford, CT  06437

(203)457-5209(direct)

5

(203)314-4562(cell)

(203)458-9168(office)

---

**From:** skaplan@lawkaplan.com <skaplan@lawkaplan.com>
**Sent:** Friday, May 27, 2022 3:17 PM
**To:** Pat Noonan <PNoonan@ddnctlaw.com>
**Cc:** rfleischer@gs-lawfirm.com
**Subject:** Re: Doe v. YU

Pat,

Thank you for your follow-up email below of our telephone conference on Tuesday. Having reviewed your points with our client, our response is as follows:

1. We will file the following motions: (a) for a Protective Order regarding Plaintiff's employers; (b) to compel Defendants' production of the MBA/EMBA Orientation Documents (for academic integrity and for students elected to serve on the Honor Committee) for both 2018 and 2019 and (c) to re-examine Professor Jain.
2. We intend to file the Protective Order motion by June 3 and the motions to compel/re-examine Prof. Jain as soon thereafter as possible.
3. Unless Defendants will comply with 1(b) and 1(c) above in time for the scheduled depositions, and schedule Prof. Jain for re-examination within the current time frame or within the 3 month extension the parties have already agreed to, we will likely have to reschedule the upcoming depositions and the deposition of Prof. Jain as need be given how long it may take to brief these motions and get rulings from the Court. We will address the scheduling issues in our briefs if we are unable to reconfigure any of this motion practice before we file the PO on June 3. Please advise whether Defendants will produce the 2018 and 2019 Orientation Documents and permit the re-examination of Prof. Jain by Tuesday, May 31.
4. Plaintiff will not waive supplementary discovery, nor can he anticipate whether he will require more discovery at this time.
5. We do not wish to interfere with your vacation, but we do not want to delay this case any longer than

6

necessary. I am open to discussing breifing schedules if that will help secure your vacation schedule, or other such accommodations.

**Enjoy the holiday weekend--**

On May 24, 2022 4:03 PM Pat Noonan <<pnoonan@ddnctlaw.com>> wrote:

Hi Susan,

I thought it best to follow-up on our conversation this morning. We discussed the following:

- I indicated that my clients want me to file an objection to producing the documents listed in your most recent production request. I also informed you that I would make an effort to have them produce one year's worth of data, rather than three. As I noted, there has been no change in the procedures; therefore, providing you with the data for the year in which the hearing was held would be most appropriate. I do believe there are several bases for objecting to this production request in its entirety. However, if you are able to select one year, I will do my best to get my clients to forgo the objection. Please advise.
- You have indicated that you will be filing a motion for protective order to prevent me from interviewing or deposing your client's prior two employers. Although my email

suggested filing that right after Memorial Day, I do appreciate you may need a little more time. It would be helpful if you could file the motion within the next two weeks, so that we can get the issue decided. I know it will take some time to effect service on them; and of course, the employers may also file motions to avoid any discovery. Please let me know when you will be filing your motion.

- You indicated that you would be filing a motion to re-depose Dean Jain and Dean Bach with respect to the procedures for appointment of a temporary EMBA representative for the Honor Committee hearing. I have told you that I will move for a protective order to prevent those depositions. Our position is that witnesses should be deposed just once. With regard to the provision for the temporary replacement of the EMBA representative for the Honor Code meeting, I have previously told you that the defendants will stipulate that the written procedure was not followed in this case. Accordingly, there is no need to re-depose either witness. There are additional reasons to oppose re-deposing these witnesses. As just one example, and as you know, Dean Bach is no longer employed by SOM and is now located in Europe. As a result, Yale University does not have any control over him, nor is he subject to a subpoena. It would be helpful if you could send my your notices of deposition without

8

delay, so that I can file a timely Motion to Quash.
- With regard to the three other witnesses whom you would like to depose—Deans Scully, Tsung, and Rouwenhorst—we had scheduled those for dates in June and July. I can still do those depositions as scheduled.  However, I am willing to do that only if you stipulate that you will not attempt to depose them again after you complete any additional document discovery the Court allows. If you are unwilling to provide such a stipulation,  then those depositions should be postponed until after you have done all your document discovery.  Given that the witnesses have had their depositions rescheduled several times, I ask that you tell my no later than May 27 whether you agree that you will not seek a second deposition from them.
- You indicated that you will be getting back to me no later than May 27 with any additional discovery you intend to do in this case.  That will help both of us to decide how much additional time we need to complete motion practice and discovery in this case.
- In light of the foregoing, we discussed the prospects for agreeing on a joint motion to extend the current Scheduling Order. You suggested a three-month extension. In light of the number of motions that need to be filed and ruled upon, and given the fact that I don't know when you will be filing those motions, I think it is a mistake to file a motion to extend the

scheduling order for just three months. With regard to each motion, there will be a delay in getting the motion filed. After the motion is filed, the other side will have thirty days to respond, and it is not uncommon for lawyers on either side to need additional time. Then, there will be another delay while a reply brief is prepared. After that, the court will have to decide whether or not to schedule oral argument. After oral argument, the court will take some time to write a decision. As a result, if you were to file all the motions today, I would agree that it moght be theoretically possible to get the motions decided within the next three months. We would then need time to complete the additional depositions each of us would like to take. At this point, it appears that there are an additional seven depositions to be conducted. (Of course, I don't know if you will be notifying me of additional witnesses to be deposed when you email me on Friday as to the additional discovery you intend to seek.)  Given the fact that there will be three schedules to be consulted for each deposition, it is unreasonable to imagine that we will do more than one deposition per week on this case. Thus, barring any unforeseen circumstances, it will take a minimum of five months from the filing of the first motion to have this case ready for trial.

I have not had a vacation in 2-1/2 years. I have two 10-day vacations planned for this summer, and I have pledged to my family that I will not rearrange those. I expect that we may run into witnesses who have the same sort of commitment during the summertime. I do understand your client would like to have the trial as soon as possible, as would mine. However, I do not think we are doing anyone a favor by agreeing to a scheduling order we know in advance is unworkable.

I look forward to hearing from you.

        Pat

Patrick M. Noonan

Donahue, Durham & Noonan, P.C.

741 Boston Post Road

Guilford, CT  06437

(203)457-5209(direct)

(203)314-4562(cell)

(203)458-9168(office)